# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-310** |
| **PABLO BALDERAS** | **SECTION "K"** |

## ORDER AND REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Rec. Doc. 77) filed by Pablo Balderas. Balderas contends that the Court erred by sentencing the defendant using the pre-Fair Sentencing Act ("FSA") drug triggering amounts to his case, which resulted in his being sentenced to a mandatory minimum of 60 months under 21 U.S.C. § 841(a)(1) as to Count 1 of the superseding indictment rather than receiving a sentence within the range of 18-24 months under the post-FSA drug triggering amounts. For the reasons that follow, the Court will grant the motion and order the defendant to be resentenced.

### I.    BACKGROUND

On September 25, 2009, Pablo Balderas was indicted on charges of conspiracy to distribute 50 grams of cocaine base, possession with intent to distribute a quantity of cocaine base (11.154 grams), and possession of a firearm in furtherance of a drug trafficking offense. (Rec. Doc. 1). Mr. Balderas pled guilty to two counts: (1) possession with intent to distribute at least 5 grams of cocaine base (Count 1), and (2) possession of a firearm in furtherance of a drug trafficking offense (Count 2). The Sentencing Guidelines applicable at the time of Mr. Balderas's conviction restricted the range on the drug count to 60 months as a mandatory minimum. On September 15, 2010, Mr.

Balderas was sentenced to a total of 120 months, including the mandatory minimum of 60 months as to Count 1 and the required 60 month consecutive sentence as to Count 2. (Rec. Doc. 54). On June 5, 2012, Mr. Balderas's motion for sentence reduction pursuant to Amendment 750 was denied. (Rec. Doc. 74). Mr. Balderas filed the instant motion on September 12, 2013.

### III. ANALYSIS

#### A. Legal Standard

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). As with the writ of habeas corpus, only a narrow set of claims is cognizable with respect to a section 2255 motion. *See* 28 U.S.C. § 2241, 2254. The four bases contained in the statute are:

> (1) the sentence was imposed in violation of the constitution or laws of the United States;
> (2) the court was without jurisdiction to impose the sentence;
> (3) the sentence exceeds the statutory maximum sentence; or
> (4) the sentence is "otherwise subject to collateral attack.

28 U.S.C. §2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the court must examine a § 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255

Proceedings 4(b). If not, then the United States attorney must be ordered to file a response. *Id.* Should the court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized. Rules Governing Section 2255 Proceedings, Rule 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted Rules Governing Section 2255 Proceedings, Rule 8. Under the statute, an evidentiary hearing must be held unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Caston*, 2013 WL 3933400 (E.D.La. July 30, 2013) (Vance, J.), citing *United States v. Edward*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

As stated by Judge Vance in *Caston*:

> Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 5th Cir. 2003). For other "trial" errors, the court may grant relief on if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also Unite States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht'*s harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255(b).

*Caston,* 2013 WL 3933400 at *2.

    **B.**    **Fair Sentencing Act and Its Application**

Congress enacted the Fair Sentencing Act ("FSA") on August 3, 2010. It increased the amount of crack cocaine that triggers the 5-year mandatory minimum sentence for 5 grams to 28

grams and increased the amount of crack cocaine that triggers the 10-year mandatory minimum sentence from 50 grams to 280 grams.  21 U.S.C. §841.  The United States Court of Appeals held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment."  *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011).  However, the Supreme Court abrogated this decision with *Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321 (2012).  The Supreme Court analyzing six considerations, taken together, held that "Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Id.* at 2331.

Pablo Balderas qualifies for relief pursuant to the Supreme Court's decision in *Dorsey.*  His offense conduct occurred in 2009, before the effective date of the FSA, but, he was sentenced on September 15, 2010, after its enactment, and the Court applied the old, pre-FSA mandatory minimum.  (Rec. Doc. 54).  Moreover, the government has no opposition to this motion.

Accordingly,

**IT IS ORDERED** that Pablo Balderas's Motion to Vacate, Set Aside, and Correct Sentence pursuant to U.S.C. § 2255 (Rec. Doc. 77) is **GRANTED** and the Courtroom Deputy shall schedule a resentencing hearing forthwith.

New Orleans, Louisiana, this  27th  day of    January   , 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**